UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUANITA LEWIS and MELVIN LEWIS,

    Plaintiffs,

v.                                                        Case No: 5:17-cv-298-Oc-30PRL

CITY OF CLERMONT, FLORIDA, INC.,
CLERMONT POLICE DEPARTMENT,
CHARLES BROADWAY, N. FARZATI,
FNU GUSTAFSON and FNU
GRACZYK,

    Defendants.

## ORDER

Juanita Lewis and Melvin Lewis sued Defendants for $30 billion in a 31-page rambling document followed by 166 pages of nonsensical exhibits. Plaintiffs reference a 2013 traffic stop, but also seek a default judgment via a "UCC Article 9 lien foreclosure for the 2011 perfected tort claims." Defendants move to dismiss the incomprehensible action, which fails to comply with the Federal Rules of Civil Procedure. The Court agrees that the Complaint should be dismissed without prejudice.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union*

*Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In reviewing a *pro se* complaint, the court must hold the *pro se* pleading to a less stringent standard and must construe the complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## **DISCUSSION**

The Court concludes Plaintiffs' Complaint must be dismissed. First, the Complaint does not comply with the rules governing pleadings. Federal Rules of Civil Procedure 8 and 10 explain how claims should be pleaded—both in content and form. Nothing in the nearly 200 pages filed by Plaintiffs comes close to stating a cognizable claim against any of the Defendants. Second, the Court cannot determine for what Plaintiffs' are suing. Plaintiffs reference several interactions with law enforcement, focusing primarily on an incident from 2013. But Plaintiffs never plead a cause of action, such as false arrest or excessive force. Instead, Plaintiffs state they are seeking to foreclose on liens from 2011 perfected tort liens. Logically, Plaintiffs cannot be suing based on the 2013 incident if their tort liens stemmed from two years prior. This leaves the Court at a loss as to the actual bases for their lawsuit. For both of these reasons, the Court concludes the action should be dismissed without prejudice.

As to Plaintiffs' Motion to Strike the Motion to Dismiss (Doc. 12), the Court concludes it should be denied because it is equally nonsensical. Plaintiffs appear to take issue with the facts that (1) Defendants are represented by counsel and (2) Defendants moved to dismiss the action instead of answering the allegations. Defendants were well within in their rights to obtain counsel (in fact, the City and Police Department could not have responded to the allegations without being represented by counsel) and move to dismiss. Lacking any legal basis to strike the Motion to Dismiss, the Court concludes the Motion to Strike should be denied.

Lastly, the Court provides a word of caution to Plaintiffs. Based on the incomprehensible nature of their pleading, the Court cannot tell if Plaintiffs have a valid claim. But if they do, Plaintiffs run the risk of losing their rights to seek compensation for their damages because the statutes of limitations may run on their causes of action. So although it is Plaintiffs' right to continue to seek redress without assistance of legal counsel, they may be doing themselves more harm in the long run.

Accordingly it is ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Doc. 10) is GRANTED.

2. The Complaint is DISMISSED without prejudice. Plaintiffs may seek leave to file an amended complaint within fourteen (14) days from the date of this Order, otherwise this action will be dismissed without further notice.

3. Plaintiffs' Motion to Strike (Doc. 12) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of August, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record